Matter of Stallard v New York City Police Dept. License Div., Rifle/Shotgun Section (2025 NY Slip Op 05208)

Matter of Stallard v New York City Police Dept. License Div., Rifle/Shotgun Section

2025 NY Slip Op 05208

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 160695/22|Appeal No. 4786|Case No. 2024-01245|

[*1]In the Matter of Jay Stallard, Petitioner-Appellant,
v
The New York City Police Department — License Division, Rifle/Shotgun Section, Respondent-Respondent.

The Law Office of Brian T. Stapleton, White Plains (Brian T. Stapleton of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.

Judgment, Supreme Court, New York County (Judy H. Kim, J.), entered on or about January 30, 2024, denying the petition to vacate a determination by respondent New York City Police Department License Division (License Division) dated August 16, 2022, which denied petitioner's application for a rifle/shotgun permit, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded to the NYPD License Division to reconsider petitioner's application.
This dispute concerns the NYPD License Division's denial of petitioner's application for a rifle/shotgun permit on grounds that he was involved in three prior domestic violence incidents between 2011 and 2021. Petitioner's application was denied just weeks before the US Supreme Court issued its decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). More recent federal case law has further clarified the constitutional parameters concerning an applicant's failure to show "good moral character" (see Antonyuk v James , 120 F4th 941 [2d Cir 2024], cert denied — US &mdash, 145 S Ct 1900 [2025]). Although the article 78 court considered the implications of Antonyuk in rendering its decision, the License Division has since consented to reconsidering its determination based on these recent legislative and regulatory changes. Accordingly, the matter is remanded for reconsideration.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025